**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2021 CA 0909

LAFITTE HILL NEIGHBORHOOD; PRESERVATION ASSOCIATION, AN
UNINCORPORATED ASSOCIATION

VERSUS

TUPAC DE LA CRUZ IN HIS INDIVIDUAL CAPACITY, AS WELL AS HIS
OFFICIAL CAPACITY AS THE MEMBER MANAGER OF HVACR
SYSTEMS, LLC AND MICHAEL DAVIS, AND THE PLANNING
COMMISSION THROUGH THE PRESIDENT OF THE PLANNING
COMMISSION, ROSSIE WASHINGTON, JR. IN HIS OFFICIAL CAPACITY
AS PRESIDENT OF THE PLANNING COMMISSION AND THE PLANNING
DIRECTOR RYAN HOLCOMB IN HIS OFFICIAL CAPACITY AS PLANNING
DIRECTOR

c/w

2021 CA 0910

MADHU BHUSHAN

VERSUS

HVACR SYSTEMS, LLC

Judgment rendered___APR 2 7 2022'___

* * * * *

On Appeal from the
19TH Judicial District Court
East Baton Rouge Parish
State of Louisiana
No. C696482 c/w C697687

Judge Trudy M. White, Presiding

* * * * *

Brett P. Furr
William H. Patrick, IV
Baton Rouge, Louisiana

Attorneys for Appellants/Plaintiffs
Sandra Bergeron and Madhu
Bhushan

Charles A. Schutte, Jr.
Baton Rouge, Louisiana

Attorney for Appellees/Defendants
Tupac de la Cruz in his individual
capacity, as well as his official
capacity as the member manager of
HVACR Systems, L.L.C.

**BEFORE: GUIDRY, HOLDRIDGE, AND CHUTZ, JJ.**

**HOLDRIDGE, J.**

Petitioners, Sandra Bergeron and Madhu Bhushan, appeal a judgment granting partial summary judgment in favor of HVACR Systems, LLC (HVACR) and denying their motion for summary judgment. For the following reasons, we reverse the grant of partial summary judgment, deny the motion for summary judgment, and remand to the trial court for further proceedings.

## BACKGROUND

On March 16, 2020, HVACR acquired Lot 52-A in Lafitte Hills Subdivision, located in East Baton Rouge Parish. It is undisputed that at the time of the acquisition, Lot 52-A was subject to written property restrictions for the subdivision executed on September 3, 1977. The 1977 Property Restrictions were recorded in the East Baton Rouge Parish public records on October 3, 1977. The 1977 Property Restrictions prohibited the resubdivison of any lot in Lafitte Hills Subdivision without the written approval of the Architectural Control Committee (ACC).

On April 7, 2020, HVACR filed its application and a proposed Resubdivision Map subdividing Lot 52-A into five lots with the Planning Commission of East Baton Rouge (Commission). The Commission approved the resubdivision of Lot 52-A, and the Resubdivision Map was recorded in the East Baton Rouge Parish public records on May 13, 2020.

Two lawsuits were filed by homeowners of Lafitte Hills Subdivision seeking to prevent HVACR from resubdividing Lot 52-A. On May 19, 2020, Lafitte Hills Neighborhood Preservation Association filed the first lawsuit against HVACR and a number of other defendants[1] seeking a declaratory judgment, a temporary restraining order, preliminary and permanent injunctive relief, and damages for

---

[1] All defendants except HVACR were dismissed from the litigation. (See p. 271)

alleged bad faith breach of contract. Sandra Bergeron, a property owner in the subdivision, was substituted as a plaintiff in that lawsuit on August 5, 2020.

On July 6, 2020, Madhu Bhushan, also a resident of the subdivision, filed a petition for a declaratory judgment seeking to declare the Property Restrictions valid and binding against Lot 52-A and a judgment decreeing that HVACR is prohibited from resubdividing Lot 52-A without complying with the Property Restrictions. Mrs. Bergeron later filed an amended petition adopting the allegations contained in Mrs. Bhushan's petition, and both lawsuits against HVACR were consolidated by the trial court on August 31, 2020.[2]

Petitioners urged that the 1977 Property Restrictions expressly prohibited resubdivision of Lot 52-A. Specifically, they relied on Article 3 of the Property Restrictions, which provides as follows:

> These restrictions prohibit a resubdivision of any lots from the dimensions other than those shown on the official recorded plat of LAFITTE HILL SUBDIVISION, lots one (1) through fifty-two (52), inclusive, without the written consent of the Architectural Control Committee.

It is undisputed that HVACR did not seek approval of the ACC prior to attempting to resubdivide Lot 52-A.

On March 8, 2021, HVACR filed a motion for partial summary judgment seeking a judgment in its favor declaring that it did not violate the Property Restrictions by resubdividing Lot 52-A into five lots. Therein, HVACR insisted that it did not need the approval of the ACC to resubdivide Lot 52-A because at the time it acquired and sought to subdivide Lot 52-A, there was no ACC in existence or functioning as contemplated by the 1977 Property Restrictions. HVACR relied on Article 12 of the 1977 Property Restrictions which states:

---

[2] HVACR filed a reconventional demand against Mrs. Bergeron, seeking to recover damages based on her alleged defamatory statements and violations of HVACR's property rights. This reconventional demand is pending in the trial court and is not at issue in this appeal.

4

The Architectural Committee is composed of:

  a.  Dr. Nathan Shlechter
  b.  Richard D. Shaffett
  c.  Keith D. Jones

A majority of the committee may designate a representative to act for it. In the event of the death or resignation of any member of the committee, the remaining members shall have full authority to designate a successor. Neither the members of the committee, nor its designative representative shall be entitled to any compensation for services performed pursuant to this covenant. At any time the then recorded owners of a majority of the lots shall have the power through a duly recorded written instrument, to change the membership of the committee or restore it to any of its powers and duties.

In its motion for summary judgment, HVACR insisted that in order to prove the existence of any obligation on its part to obtain approval of the ACC to subdivide Lot 52-A under Article 3 of the Property Restrictions, petitioners had the burden of demonstrating that the ACC existed and was functioning in 2020 when HVCAR purchased its lot and sought to subdivide it. However, HVACR maintained, petitioners could not meet this burden. HVACR urged that the use of the ACC to regulate the development of the property from 1977-2000 was abandoned many years ago when the original members resigned and the owners of the lots in the subdivisions failed to appoint successor members to the ACC to maintain its existence and operation. Further, HVACR argued that the Property Restrictions required an instrument be executed in proper form by a majority of the owners and recorded in the public records appointing ACC members to maintain the ACC; however, no such instrument was executed or recorded. Thus, HVACR maintained, the need for written approval of the ACC no longer applied as a matter of law, entitling it to a judgment declaring that the Property Restrictions did not prohibit it from resubdividing Lot 52-A.

In support of its motion, HVACR submitted the following documents: (1) the Act of Sale by which it acquired Lot 52-A; (2) HVACR's application to the

Planning Committee seeking permission to subdivide the 1.716 acre lot into five lots or less; (3) the 1977 Property Restrictions; (4) a 1982 instrument recorded in the East Baton Rouge Parish public records; (5) petitioners' answers to interrogatories; (6) and the affidavit of Tupac de la Cruz.

On April 7, 2021, petitioners filed a motion for summary judgment, in which they asserted that they are entitled to judgment as a matter of law: (1) recognizing the validity of the provision of the Property Restrictions prohibiting resubdivision; (2) declaring that the Property Restriction prohibiting resubdivision is binding on HVACR; (3) declaring the purported resubdivision of Lot 52-A invalid, null and void, and of no effect whatsoever; and (4) dismissing HVACR's reconventional demand against Bergeron, with prejudice, at HVACR's expense.

In support of their motion, petitioners submitted the following documentation: (1) HVACR's discovery responses; (2) the 1977 Property Restrictions; (3) HVACR's application for resubdivision and the resubdivision map; (4) minutes of the August 1, 2017 meeting of the subdivision; (5) a partnership agreement of the subdivision; 6) the affidavits of Joseph F. Accardo, William Bergeron, and Mrs. Bhushan, and (7) certified copies of an April 24, 2020 letter sent to Mr. de la Cruz and various acts of sale.

Petitioners argued that Article 3 of the Property Restrictions clearly and expressly prohibit resubdivision of lots in Lafitte Hill without the written consent of the ACC. Petitioners pointed out that HVACR admitted that the Property Restrictions were on file when it purchased Lot 52-A and that it did not seek approval to resubdivide the lot from ACC. Accordingly, petitioners submitted, HVACR's attempt to resubdivide Lot 52-A is a clear violation of the explicit language of the Property Restrictions, and there is no genuine issue of material fact on this question, entitling petitioners to judgment as a matter of law.

6

Secondly, petitioners insisted that the existence or the nonexistence of the ACC is immaterial to the enforceability of the Property Restrictions. Petitioners relied on case law establishing that once a violation of property restriction is established, the burden of proof is on the defendant to prove the termination or abandonment of a restriction. Petitioners maintained that there is no factual support for any argument that Article 3 had been abandoned, and posited that even if the members of the ACC were improperly appointed, which they denied, the Property Restrictions remain valid in spite of that technical violation. Thus, petitioners urged that HVACR could not meet its burden of proving that Article 3 had been abandoned, and at a minimum, there existed a disputed factual issue regarding the existence of the ACC, precluding summary judgment in favor of HVACR.

In opposition to HVACR's motion for summary judgment, petitioners adopted and incorporated by reference all of their arguments, memoranda, attachments and exhibits in their motion for summary judgment and all exhibits attached to HVACR's motion for summary judgment. In opposition to petitioners' motion, HVACR relied on the evidence it submitted in support of its motion along with an additional affidavit.

During a hearing on the motions for summary judgment, the trial court opined that a duly recorded written instrument authorizing the ACC to act is required by Article 12 of the Property Restrictions. The court acknowledged that certain members may have been acting as members of the ACC; however, there was no written instrument duly recorded in the public records. The court concluded therefore that HVACR did not violate the Property Restrictions by resubdividing Lot 52-A and granted summary judgment in its favor. For the same reason, the trial court denied petitioners' motion for summary judgment.

7

On May 26, 2021, the trial court signed a written judgment in accordance with those rulings. Specifically, the trial court declared that HVACR did not violate the Property Restrictions by subdividing Lot 52-A into five lots and dismissed petitioners' petition for declaratory judgment, injunctive relief, damages, and breach of contract. The court also denied petitioners' motion for summary judgment and reserved HVACR's rights to proceed against Mrs. Bergeron in its reconventional demand. The trial court certified the judgment as a final judgment for immediate appeal in accordance with La. C.C.P. art. 1915B, determining that there was no just reason for the delay of the appeal.[3]

Petitioners appealed the granting of the motion for summary judgment in favor of HVACR. In connection with this appeal, they also challenge the trial court's denial of their motion for summary judgment.

### DISCUSSION

<u>Summary Judgment</u>

After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966A(3). Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, summary judgment is appropriate. **Collins v. Franciscan Missionaries of Our Lady Health System, Inc.,** 2019-0577 (La. App. 1st Cir.

---

[3] Certification of the partial summary judgment pursuant to La. C.C.P. art. 1915B was not necessary, as the judgment granting HVACR's motion for summary judgment and dismissing all of petitioners' claims and causes of action was final and immediately appealable under La. C.C.P. art. 1915A(1) and (3). The interlocutory ruling denying petitioners' motion for summary judgement is also reviewable on appeal in connection with the review of the appealable judgment. See **Bourg v. Safeway Insurance Company of Louisiana,** 2019-0270 (La. App. 1st Cir. 3/5/20), 300 So.3d 881, 887.

8

2/21/20), 298 So.3d 191, 194-95, writ denied, 2020-00480 (La. 6/22/20), 297 So.3d 773. A fact is "material" when its existence or non-existence may be essential to plaintiff's cause of action under the applicable theory of recovery. A material fact is one that would matter at a trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. **Collins**, 298 So.3d at 195.

The Code of Civil Procedure places the burden of proof on the party filing the motion for summary judgment. La. C.C.P. art. 966D(1). The mover can meet this burden by filing supporting documentary evidence, and the mover's supporting documents must prove the essential facts to carry the mover's burden. Thus, in deciding a motion for summary judgment, it must first be determined whether the supporting documents presented by the mover are sufficient to resolve all material factual issues. **Jenkins v. Hernandez**, 2019-0874 (La. App. 1st Cir. 6/3/20), 305 So.3d 365, 370-71, writ denied, 2020-00835 (La. 10/20/20), 303 So.3d 315.

Once the mover demonstrates the absence of factual support for one or more elements essential to the adverse party's claim, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. **Jenkins**, 305 So.3d at 371. If the non-moving party fails to prove the existence of a genuine issue of material fact, La. C.C.P. art. 966D(1) mandates the granting of the motion for summary judgment. **Jenkins**, 305 So.3d at 371.

Evidence on the Motion for Summary Judgment

Documentary evidence submitted by HVACR in support of its motion for summary judgment included petitioners' answers to interrogatories, in which they identified the owners of subdivision lots in 2020 and set forth the history regarding

9

the ACC membership from 1977 through August 1, 2017, along with documentation supporting the membership changes. According to the evidence, the original members of the ACC served from 1977 through 1982. On March 15, 1982, a majority of the members of the existing property owners of the subdivision executed a written document dismissing the existing members of the ACC as per Section 12 of the Property Restrictions. This document, which was recorded in the East Baton Rouge Parish public records, states that Gordon P. Boutwell, Jr. and John W. Mundinger, Jr. were appointed to act as members of the ACC until a meeting of the property owners was held. In 1983, three additional individuals were appointed as members of the ACC; in 1986, two members resigned from the ACC and another person joined the ACC; in 1992, 1997, and 2008, three members resigned or died, and from 2008 to 2017, three persons served on the ACC until a meeting was held by a majority of the property owners on August 1, 2017, electing Joseph Accardo, Aaron Bass, and Thomas Vince to the ACC; later that year, Mr. Vince resigned and John Thomas "Pete" David was appointed to the ACC.

In his affidavit, Mr. de la Cruz attested that at no time prior to or after the closing of the purchase of Lot 52-A has HVACR been provided with an instrument signed by a majority of owners of lots in the subdivision and recorded in the public records amending the Property Restrictions to appoint members to the ACC to serve during the calendar year 2020 or any other year. He further attested that HVACR could not locate any person duly appointed in accordance with the Restrictions serving on the ACC during 2020 in order to obtain written consent prior to seeking to subdivide Lot 52-A. Mr. de la Cruz also stated that HVACR's subdivision application dividing Lot 52-A into five lots was approved by the Planning Commission and the Resubdivision Map signed by the Planning Commission was recorded in the public records. Lastly, Mr. de la Cruz attested

10

that he could not secure written consent of the ACC to subdivide Lot 52-A because the ACC had no duly appointed members and was not functioning at any time in 2020.

In a second affidavit offered by HVACR in opposition to the petitioners' motion for summary judgment, Mr. de la Cruz made various attestations regarding HVACR's intent to comply with the Property Restrictions regarding construction of the five planned residences and its intent to exercise its right to build the houses on the subdivided lots complying with those restrictions.

In opposition to HVACR's motion and in support of its motion for summary judgment, petitioners submitted the affidavit of Mr. Accardo, one of the owners of a lot in Lafitte Hill Subdivision, who made the following attestations regarding the history of the ACC: On August 1, 2017, he, Mr. Vince, and Mr. Bass were appointed to the ACC at a meeting of the majority of the property owners of the subdivision, including prior members of the ACC. On September 17, 2017, Mr. Vince resigned from the ACC and Mr. David was appointed to replace him. In early 2020, the ACC became aware that Lot 52-A had been purchased by HVACR and that HVACR had applied to the Planning Commission to resubdivide that lot into five lots. HVACR did not provide notice to the owners of the subdivision nor did it seek approval of the ACC prior to submitting its application. The ACC contacted Mr. de la Cruz to inform him that the proposed resubdivision was a violation of the Property Restrictions and one of the property owners, William Bergeron, sent Mr. de la Cruz a certified letter informing him of the violation. Notwithstanding communications from both the ACC and residents of the subdivision, HVACR proceeded to have lot 52-A subdivided. Mr. Bergeron submitted an affidavit identifying the certified letter he sent to Mr. de la Cruz informing him of the violation of the Property Restrictions.

11

Minutes of an August 1, 2017 meeting of the Lafitte Hill Subdivision owners reflect that there was a recommendation for the election of three new members of the ACC, nominations were taken, and of those nominated, three were chosen by written ballot: Mr. Accardo, Mr. Bass, and Mr. Vince. Mrs. Bergeron attested that she took minutes at the August 1, 2017 meeting, whereupon the members of the ACC were appointed. She attested that two members who were on the ACC prior to that meeting attended the August 1, 2017 meeting.

In its discovery responses, HVACR admitted that the Property Restrictions were on file in the public records when it purchased Lot 52-A, but insisted it did not have to obtain approval of the ACC for its proposed resubidivision of that lot because the ACC did not exist and was not functioning at the time HVACR acquired and sought to resubdivide that lot. When questioned whether HVACR admitted that no party cancelled or waived the Property Restrictions, HVACR admitted that the Property Restrictions were not formally cancelled, revoked, or waived as a matter of the public records. However, HVACR maintained that the property owners of the subdivision abandoned the use of the ACC to regulate the development of the lots in the subdivisions many years prior to HVACR's acquisition of Lot 52-A.

Having examined all of the evidence on the motion for summary judgment, we reject petitioners' claim that the existence of the ACC is immaterial to the issue of whether HVACR violated the Property Restrictions. Petitioners are relying on Section 3 of those restrictions as the basis for prohibiting HVACR's attempted resubdivision of Lot 52-A. Section 3 does not contain a blanket prohibition on resubdivision of any lot in Lafitte Hills; rather, it only prohibits resubdivision *without the written consent of the ACC*. In order to decide whether HVACR's purported resubdivision of Lot 52-A violated Section 3, the court must first

determine whether HVACR was required to obtain the written consent of the ACC. There are genuine disputed factual issues as to whether the ACC was in existence and was functioning as the body contemplated by Articles 3 and 12 of the Property Restrictions at the time HVACR sought to resubdivide Lot 52-A. Further, if the ACC was not formally in existence, there are factual and legal issues as to what actions HVACR was required to take in order to subdivide Lot 52-A. Because there are disputed issues which must be resolved before the court can determine whether HVACR's attempt to resubdivide lot 52-A violated the Property Restrictions, the trial court erred in concluding that HVACR was entitled to judgment decreeing that it did not violate the Property Restrictions and that the subdivision of Lot 52-A was proper and legal.

In the same vein, because of the factual disputes regarding the existence and composition of the ACC and whether HVACR was required to seek the approval of the ACC to subdivide its lot, petitioners are not entitled to a judgment decreeing that HVACR violated the Property Restrictions as a matter of law. Therefore, petitioners' motion for summary judgment was properly denied.

## CONCLUSION

For the foregoing reasons, the trial court's May 25, 2021 judgment granting summary judgment in favor of HVACR is reversed. The May 25, 2021 judgment denying petitioners' motion for summary judgment is affirmed. All costs of this appeal are assessed equally between appellants and appellees. The case is remanded to the trial court for proceedings consistent with this opinion.

**REVERSED IN PART; AFFIRMED IN PART; REMANDED.**